# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv239

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>$153,957.88 in funds derived from )<br>Seizures of funds from Wells Fargo )<br>Bank Account XXXXXX2137, such )<br>account held in the name of Rite-Way )<br>Pharmaceuticals LLC, and seizure )<br>of cashier's checks drawn on the same )<br>account, et al., )<br>)<br>    Defendants. )<br>_____ ) | ORDER |

Pending before the Court is the Motion to Stay [# 10]. The Government moves to stay these proceedings pursuant to 18 U.S.C. § 981(g)(1) for a period of 180 days. Claimants consent to staying these proceedings. Upon a review of the record and relevant legal authority, the Court **GRANTS** the Motion to Stay [# 10].

## I.    Analysis

Section 981(g)(1) provides that upon the filing of a motion by the United States, the Court shall stay a civil forfeiture proceeding where the Court determines that civil discovery will adversely impact the Government's ability to conduct a related criminal investigation or prosecution of the related criminal case. The

statute further defines what constitutes a related criminal case or related criminal investigation:

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009) (Keesler, Mag. J.).

Upon a review of the record in this case, the Courts finds that a related criminal investigation is currently ongoing that involves similar facts, witnesses, and circumstances to this civil forfeiture proceeding. In addition, civil discovery in this case will adversely impact the Government's ability conduct its ongoing criminal investigation. The Court, therefore, **GRANTS** the Motion to Stay [# 10] and **STAYS** these proceedings for 180 days. After the expiration of the 180 day period, the stay shall automatically dissolve unless the Government or Claimant can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

## II.     Conclusion

The Court **GRANTS** the Motion to Stay [# 10]. The Court **STAYS** these proceedings for 180 days. After the expiration of 180 days, the stay shall

automatically dissolve unless the Government or Claimant can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: December 21, 2015

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge