IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO. 1:15CV239-MOC

United States of America

v.

$153,957.88 in funds, derived from seizure of
funds from Wells Fargo Bank Account
XXXXXX2137, such account held in the
name of Rite-Way Pharmaceuticals LLC, and
seizure of cashier's checks drawn on the
same account, et. al.

**THIRD ORDER FOR STAY**

**THIS MATTER** is before the Court on the United States' Third Consent Motion for Stay. The United States advises that, with the consent of Claimant Karen Turner ("Turner"); Claimant Six Kids Holding Corporation ("Six Kids"); and Claimant Wade Dahlberg ("Dahlberg"), it is requesting that, pursuant to 18 U.S.C. § 981(g)(1), this Court stay this matter for an additional period of 180 days beyond the 180 day extension recently granted (Doc. 15) by this Court in its second Order granting stay. The Court finds good cause for the Third Consent Motion and it is hereby granted.

In support of granting the Third Consent Motion, the COURT FINDS as follows:

This matter is before the Court on a Complaint (Doc. 1) for Forfeiture *In Rem* against hundreds of thousands of dollars of funds, a note, and real property. The Government advises that the Complaint is the result of a multi-year ongoing criminal investigation of the activity of multiple individuals and entities in multiple states. The Complaint is lengthy, and details alleged crimes of conspiracy, wire fraud, and illegal monetary transactions.

1

Turner, Six Kids, and Dahlberg, all of whom/which are discussed in the Complaint, have filed Claims and Amended Claims (Docs. 5, 6, 7, 8, 9) for the properties in the Complaint. According to the Third Consent Motion, Turner, Six Kids, and Dahlberg initially advised the Government in or about November/December 2015 that they wished to engage in discussions with the Government about the forfeiture investigation and related ongoing criminal investigation, and requested that the Government agree to a stay of this matter. Thereafter, the Government filed a Consent Motion for Stay (Doc. 10) and this Court issued an Order (Doc. 13) granting the Motion and requiring a status report from the parties if an additional stay was requested.

Then, according to the Third Consent Motion, on or about May 23, 2016, Peter C. Anderson, counsel for Six Kids and Dahlberg, advised that his clients and the other claimant in this matter requested an additional 180 day stay pending further investigation by the Government of criminal matters. Therefore, the Government filed a Second Consent Motion for Stay (Doc. 14) and this Court issued an Order (Doc. 15) for stay. That second stay expires on December 6, 2016. Now, the Government, with consent of claimants, requests a third stay, essentially to conclude the criminal investigation in the near future and conclude discussions about potential resolution with Claimants.

As a basis for this Third Consent Motion, Section 981(g)(1) provides that the court shall stay a civil forfeiture proceeding at the Government's request if civil discovery on the Complaint "will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1); *see, e.g., United States v. $36,083.22*, 2012 WL 1418158 (W.D.N.C. Apr. 24, 2012). Section 981 further provides that "the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to

lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4).

Here, according to the Third Consent Motion, the ongoing criminal investigation is related to the conduct outlined in the Complaint, including the same parties, witnesses, facts, and circumstances. Further, civil discovery of items in this forfeiture case will adversely affect the ability of the Government to continue to investigate the conduct in the Complaint as the Government attempts to conclude its ongoing criminal investigation. Similarly, civil discovery would adversely affect the prosecution in a variety of ways. Perhaps most importantly, civil discovery would have adverse effects where the parties intend to engage in continuing discussions of their respective positions on the criminal investigation in the coming months and where civil discovery on the same documents and witnesses involved in the criminal investigation would harm those discussions. Further, Turner, Six Kids, and Dahlberg have, in fact, consented to the third stay on the basis of the same issues and concerns as the first stay.

Finally, as to the status of this matter, the Government advises that it anticipates conclusion of the criminal investigation within the time-period of the third requested stay. The Government also advises that, at conclusion of the investigation, the Government anticipates the possibility of ongoing discussions about resolution of any criminal liability during that same time-period.

For the foregoing reasons, an additional stay of 180 days beyond the stay already ordered is appropriate in this case. Therefore, the Government's Third Consent Motion is GRANTED and this case is stayed for an additional period of 180 days beyond the 180 day period already granted in this Court's prior Order (Doc. 13). Although Turner, Six Kids, and Dahlberg shall not be

required to file answers until expiration of the stay, the stay shall not prevent the filing of any additional claims by any additional parties who timely come forward within the notice periods provided by law. Absent further motion of the parties and further order of the Court, the stay shall expire at the expiration of the time period set forth herein.

      SO ORDERED.

Signed: December 5, 2016

Dennis L. Howell
United States Magistrate Judge